**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jaron Brignac<br>16450 Palomino Pl 204<br>Santa Clarita, CA 91387<br><br>TELEPHONE NO.: 818.738.9861    FAX NO. *(Optional)*: 818.698-6492<br>E-MAIL ADDRESS *(Optional)*: bpcslaw@gmail.com<br>ATTORNEY FOR *(Name)*: pro per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 9425 Penfield Ave
  MAILING ADDRESS: same
  CITY AND ZIP CODE: Chatsworth 91311
  BRANCH NAME:

PLAINTIFF/PETITIONER: JARON BRIGNAC

DEFENDANT/RESPONDENT: YELP, INC. ET AL

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18CHCV00101 |
|---|---|

TO *(insert name of party being served)*: YELP, INC ✓

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 11/30/2018

Eric Aguiar                                                    ▶ *Eric Aguiar*
(TYPE OR PRINT NAME)                                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
   Notice of Case Management Conference

*(To be completed by recipient)*:

Date this form is signed:

_____                ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
  ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jaron Brignac<br>16450 Palomino Pl 204<br>Santa Clarita, CA 91387<br><br>TELEPHONE NO.: 818.738.9861   FAX NO. *(Optional)*: 818.698-6492<br>E-MAIL ADDRESS *(Optional)*: bpcslaw@gmail.com<br>ATTORNEY FOR *(Name)*: pro per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 Penfield Ave
MAILING ADDRESS: same
CITY AND ZIP CODE: Chatsworth 91311
BRANCH NAME:

PLAINTIFF/PETITIONER: JARON BRIGNAC

DEFENDANT/RESPONDENT: YELP, INC. ET AL

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18CHCV00101 |
|---|---|

TO *(insert name of party being served)*: YELP, INC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 11/30/2018

Eric Aguiar                                    ▶ *Eric Aguiar*
(TYPE OR PRINT NAME)                           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
   Notice of Case Management Conference

*(To be completed by recipient)*:

· Date this form is signed:

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California                NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL            Code of Civil Procedure,
POS-015 [Rev. January 1, 2005]                                                                        §§ 415.30, 417.10
                                                                                                      www.courtinfo.ca.gov

| | SUM-100 |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

YELP, INC.; A California Corporation,
1-10, INCLUSIVE.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JARON BRIGNAC, an individual,

**FILED**
Superior Court of California
County of Los Angeles

NOV 19 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy

FAXED NOV 19 2018

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Chatsworth Courthouse

9425 Penfield Ave, Chatsworth, CA 91311

CASE NUMBER: *(Número del Caso):* 18CHCV00101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jaron Brignac, 16450 Palomino Pl. 204, Santa Clarita, CA 91387 (818) 738-9861

DATE: NOV 19 2018  Sherri R. Carter  Clerk, by _____ EVEN OROZCO, Deputy
*(Fecha)*                                *(Secretario)*                             *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:

   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Jaron Brignac
16450 Palomino PL, 204
Santa Clarita, CA 91387
Office Phone: (818) 738-9861
Fax: (818) 698-6492

Pro Per.

FILED
Superior Court of California
County of Los Angeles

NOV 19 2013

Sherri R. Carter, Executive Officer/Clerk.
By_____ Deputy
Steve Orozco

FAXED NOV 19 2018

## SUPERIOR COURT OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JARON BRIGNAC, an individual,<br><br>Plaintiff,<br>vs.<br><br>YELP, INC.; A California Corporation, 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: **18CHCV00101**<br><br>**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF:**<br><br>1. VIOLATION OF THE SHERMAN ACT 15 USC §2<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JARON BRIGNAC hereby alleges the following based on his personal knowledge, information and belief:

Plaintiff JARON BRIGNAC hereby allege the following:

1. Plaintiff have resided in the County of Los Angeles, State of California at all relevant times herein.

2. YELP, INC., (hereinafter "YELP") was conducting business in the county of Los Angeles, State of California.

1

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

3. The true name or capacities, whether individual, corporate, associate, or otherwise, of the Defendants Does 1 through 10 are unknown to Plaintiff at this time, who therefore sues such Defendants by such fictitious names, and will amend this Complaint to allege their true names and capacities when said Defendants are ascertained. Plaintiff is informed and believe, and thereon allege, that each of said fictitiously named Defendants is responsible for the occurrences herein alleged, and that Plaintiffs' injuries, as herein alleged, were proximately caused by said Defendants.

4. Plaintiff is informed and believe and thereon allege that all times herein mentioned each of the Defendants sued herein as DOE were the agents, servants, employees or employers of their Co-Defendant, and in doing the things hereinafter alleged, were acting in the course and scope of their authority as such agents, servants, employees, or employers and with the permission and consent of their Co-Defendant.

## FACTUAL ALLEGATIONS

5. Plaintiff is the sole business owner of BPCS LAW which was founded by Plaintiff and licensed on August 04, 2015.

6. Plaintiff's knowledge of Search Engine Optimization, (Hereinafter "SEO") and due diligence of employing SEO techniques, has established an online presence on GOOGLE and YELP for the past 2 or 3 years as a Corporation providing legal services for law firms, and attorneys. Specifically, "eviction attorneys"; "foreclosure defense attorneys"; and "family law attorneys"

7. For SEO purposes only, Plaintiff recently started boing business online as BPCS LAW EVICTIONS on GOOGLE and YELP.

8. YELP'S relevant product/service market is a national website and platform that displays user-generated content, such as reviews from consumers to write their opinions about businesses. YELP is a national advertising platform for local business owners and

2

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

individuals. YELP operates as a search engine for online users who can access YELP'S website on their mobile phones, computers, or on any device that allows online access.

9. YELP'S physical geographic location is in San Francisco, California according to the California Secretary of State Website for registered corporations. YELP has a national presence for national consumers to both understand their local business and assist the local consumer in locating local businesses in the United States.

10. Defendant YELP acquired a powerful exclusive possession and control of the organic and paid SEO market and a powerful exclusive possession and control on GOOLGLE'S first page ranking which now dominates its' presence on GOOGLE'S website for almost every service or product a consumer is searching for on GOOGLE.

11. GOOGLE dominates more than 90% of the search engine market online to where the average person in society identifies search engine as GOOGLE, thus uses GOOGLE when searching online for a product, service, or information. GOOGLE search engine is a market for individuals and businesses to market their websites and business on its website for local consumers to locate it and engage it for products, service, or information advertised by a business.

12. Businesses that rank between 1 or 5 on the first page of GOOGLE as a result of a consumer searching for a product, service, or information generate more traffic to their business website or generate leads which statistically converts into sales or paying customers. The lower a business is ranking on GOOGLE, the lower a business conversion rate is on sales and customers. Thus, SEO has become a huge market amongst businesses competing to get their business ranked higher on GOOGLE.

13. There exist two forms of Search Engine Optimization. One form is called organic search engine optimization. The other is called paid advertising. The organic SEO can result in a business to place a ranking between 1-5 on the first page if it diligently meets the criteria of GOOGLES algorithm. One of the key elements to organic SEO is creatively inserting a

3

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

high traffic keyword into a business website and into the business page listing on GOOGLE. Therefore, when a user is searching for a service or product with that key word than that business will likely self- populate as a search result on the first page. For example: A business can insert the key word "eviction attorney" in its website and once a user search GOOGLE for an "eviction attorney", all the local businesses that have websites with that key word in it will likely self-populate. The ads that appear with a green colored (sometimes yellow) rectangular icon next to it at the top of the page is paid ads that business paid GOOGLE for on a monthly basis, which is an expensive rate.  This is known as Search Engine Optimization, which is composed of many hidden techniques to achieve good ranking. SEO is so unique, that billions of dollars are paid out to SEO companies to keep businesses ranking on the first page in their local communities.

14. Defendant YELP created a monopoly in the SEO market and a monopoly on GOOLGLE'S first page ranking. Indeed, whenever a consumer GOOGLES the keyword "eviction attorney" or "landlord tenant attorney"  YELP appears not only on the first page of GOOGLE for that keyword, but also ranks three consecutive times on that same first page which pushes other competing businesses such as Plaintiff's business down in rank or to the second page for that keyword, which results in the online user to engage YELP for business.  YELP acts as a referral for other businesses and redirects the user to its YELP Platform for the user to find its desired service or product from local business that advertises on YELP.

15. YELP maintains a different algorithm than GOOGLE for its first page ranking for business owners. This forces business owners to engage YELP for advertising and force the business owner, such as Plaintiff,  to follow YELP'S algorithm which is based on the user reviews  on YELP to determine the business owner ranking, and requires those user reviews to only be reviews made by consumers who have a YELP account and use YELP regularly, which resulted in business owners such as Plaintiff for BPCS LAW/ dba BPCS

4

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

LAW EVICTIONS to lose ranking on YELP, and as result, YELP offered to rank Plaintiff's business on the top of the first page in exchange for paying a monthly fee of $1,200 for paid ads. YELP'S monopoly on GOOGLE search, resulted in Plaintiff to lose out in an enormous amount of sales and business.

## FIRST CAUSE OF ACTION: VIOLATION OF SHERMAN ACT 15 USC §2

16. Pursuant to *Sumotext Corp. v. Zoove, Inc., Dist. Court, ND California 2018* to state a civil claim for monopolization under this provision, the plaintiff must allege facts showing: (1) the possession of monopoly power in the relevant market; (2) the willful acquisition or maintenance of that power; and (3) causal antitrust injury. *Somers v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013).

### a. Relevant Market

17. "In order to state a valid claim under the Sherman Act, a plaintiff must allege that the defendant has market power within a relevant market." *Solyndra Residual Trust v. Suntech Power Holdings Co.*, 62 F. Supp. 3d 1027, 1044 (N.D. Cal. 2014). "A relevant market has two dimensions: the relevant geographic market and the relevant product market.". Defendants' YELP relevant product/service market is a national website and platform that displays user-generated content, such as reviews from consumers to write their opinions about businesses. Defendant YELP is also a national advertising platform for business owners and individuals operating as a search engine for online users who can access YELP website on their mobile phones or computers. Defendant YELP'S physical geographic location is in San Francisco, California according to the California Secretary of State Website for registered corporations. Defendant YELP, nevertheless, has a national presence for national consumers to both understand their local business, and assist the local consumer in locating local businesses in the United States.

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

**b. Monopolization**

18. To state a plausible monopolization claim under this provision requires plaintiff to show: "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Group LP*, 592 F.3d 991, 998 (9th Cir.2010) (citation and quotes omitted); *accord Cost Mgmt. Servs., Inc. v. Wash. Natural Gas Co.*, 99 F.3d 937, 949 (9th Cir.1996).

19. Defendant YELP acquired a monopoly in organic and paid SEO on GOOGLE and acquired a monopoly on for first page ranking on GOOGLE'S website. GOOGLE dominates more than 90% of the search engine market online to where the average person in society identifies a search engine as GOOGLE when searching online for a product service, or information. GOOGLE search engine is a market for individuals and businesses to market their websites and business on its website for local consumers to locate it and engage it for products, service, or information advertised by a business.

20. Businesses that rank between 1 or 5 on the first page of GOOGLE as a result of a consumer searching for a product, service, or information generate more traffic to their business website or generate leads which statistically converts into sales or paying customers. The lower a business ranking on GOOGLE, the lower a business conversion rate is on sales and customers. Thus, SEO has become a huge market amongst businesses competing to get their business ranked higher on GOOGLE.

21. Defendant YELP created a monopoly in the SEO market. Indeed, whenever a consumer GOOGLES the keyword "eviction attorney" or "landlord tenant attorney" YELP appears not only on the first page of GOOGLE for that keyword, but also ranks three consecutive times on that same first page which pushes other competing businesses such as Plaintiff's business

6

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

down in rank or to the second page, which results in the online user to engage YELP for business. YELP acts as a referral for other businesses redirects the user to its YELP Platform for the user to find its desired service or product from local business that advertises on YELP. YELP maintains a different algorithm than GOOGLE for its first page ranking for business owners. This forces business owners to engage YELP for advertising and force the business owner, such as Plaintiff, follow YELP'S algorithm which is based on the user reviews on YELP to determine the business owner ranking, and requires those user reviews to soley be reviews made by consumers who have a yelp account and use yelp regularly, which resulted in business owner such as Plaintiff for BPCS LAW/ dba BPCS LAW EVICTIONS to lose ranking on YELP. And as result, YELP offers to rank Business owners such as Jaron Business on the top of the first page in exchange for paying a monthly fee, which are called paid ads. YELP'S monopoly on GOOGLE search, resulted in Plaintiff to lose out in enormous amount of sales.

### c. Essential Facilities Doctrine

22. "An offer to deal with a competitor only on unreasonable terms and conditions can amount to a practical refusal to deal." *MetroNet,* 383 F.3d at 1132. Another court in this district has held that a 400% price increase was tantamount to a refusal to deal. *See Safeway Inc. v. Abbott Labs.,* No. C 07-05470 CW, 2010 WL 147988, at *7 (N.D. Cal. Jan. 12, 2010). YELP has offered and continues to offer place Plaintiff business in its first page ranking in exchange for Plaintiff paying an unreasonable amount of money on a monthly basis. Thus, YELP is refusing to deal with Plaintiff as a competitor business.

### d. Single Entity Monopolization

23. Finally, YELP'S refusal to deal with Plaintiff in a reasonable manner as a business competitor constitutes liability for injury. A firm's unilateral refusal to deal with its rivals can

7

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

give rise to antitrust liability. See *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 448 (2009); *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 608-611, (1985).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

1. For all compensatory damages incurred according to proof;
2. For all consequential damages incurred according to proof;
3. For all special damages according to proof;
4. For punitive damages sufficient to punish the Defendants and act as a deterrent to others;
5. For all statutory damages as applicable;
6. For any prejudgment or other interest according to law;
7. For costs and reasonable attorney's fees; and
8. For such other relief that the court may deem just and proper.

Dated: November 19, 2018                    JARON BRIGNAC

By: Jaron Brignac

---

8

**COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**