1  Brian A. Sutherland (SBN 248486)
   bsutherland@reedsmith.com
2  REED SMITH LLP
3  101 Second Street, Suite 1800
   San Francisco, CA 94105-3659
4  Telephone: (415) 543-8700
5  Facsimile:  (415) 391-8269

6  Attorneys for Defendant Yelp Inc.

7
                    UNITED STATES DISTRICT COURT
8
                    CENTRAL DISRICT OF CALIFORNIA
9
                              WESTERN DIVISION
10

11

12
   JARON BRIGNAC, an individual,        Case No. 2:18−cv−10721 R (ASx)
13
              Plaintiff,                **Declaration of Ian MacBean**
14                                      **in Support of Yelp Inc.'s Motion to**
        vs.                             **Transfer Venue under 28 U.S.C.**
15                                      **§ 1404(a) and Motion for Immediate**
                                        **Stay pending Decision on Transfer**
16
17 YELP INC., a California Corporation,
     1-10 INCLUSIVE,                    Date:   February 19, 2019
18                                      Time:   10:00 a.m.
19            Defendants.               Place:  Roybal Federal Building and
                                                U.S. Courthouse
20                                              255 East Temple Street,
21                                              Los Angeles, CA 90012
                                        Judge:  Hon. Manuel L. Real
22
23                                      [filed concurrently with notice of
24                                      motion and motion to transfer venue,
                                        memorandum of law in support of
25                                      motion, and proposed order]
26
27
28
                                    -1-
                         DECLARATION OF IAN MACBEAN

I, Ian MacBean, declare as follows:

1. I am Director of User Operations at Yelp Inc. ("Yelp") and among other responsibilities I investigate Yelp user accounts for potential Terms of Service violations, and enforce those Terms of Service against user accounts and business accounts. This includes investigating user accounts through Yelp's own internal tools and third-party resources. I also supervise and train other Yelp User Operations employees on Yelp's internal administrative tools and procedures, including those tools and procedures related to enforcement of Yelp's Terms of Service.

2. I have been employed at Yelp since January 2008. I obtained a Bachelor of Arts degree in sociology in 1999 from Connecticut College, and obtained a Master's Degree in business administration in 2007 from the Monterey Institute of International Studies. I have personal knowledge of the facts contained in this declaration, unless otherwise indicated. Where appropriate, I have relied on records prepared and maintained by Yelp in the normal course of its business.

3. Since 2010, Yelp has included a link to its Terms of Service on every page of its public website. Yelp continues to hyperlink the text, "Terms of Service," on each page of its websites.

4. A true and correct copy of Yelp's current Terms of Service is attached as **Exhibit A**. These Terms of Service have been in force since November 27, 2012 and are publicly available on Yelp's website at http://www.yelp.com/static?p=tos. I accessed these Terms of Service on January 7, 2019. Section 13 of these Terms of Service states in relevant part: "FOR ANY CLAIM BROUGHT BY EITHER PARTY, YOU AGREE TO SUBMIT AND CONSENT TO THE PERSONAL AND EXCLUSIVE JURISDICTION IN, AND THE EXCLUSIVE VENUE OF, THE STATE AND FEDERAL COURTS LOCATED WITHIN SAN FRANCISCO COUNTY, CALIFORNIA."

5. Yelp offers free Business Accounts to businesses, which allow them to communicate publicly or privately with consumers on Yelp's website, post information about and photos of their business, and track visits to their business's Yelp page. In order to register a Yelp Business Account on Yelp's website, the user can visit https://biz.yelp.com/signup via desktop or mobile browser or download the Yelp mobile application for business users and complete the associated registration form and electronically submit the form to Yelp.

6. In addition to free Business Accounts, Yelp also offers user accounts to consumers. One cannot post reviews, photos, or other consumer content to Yelp's websites or mobile applications without registering for a Yelp consumer user account, which is free to do. The registration process for a Yelp consumer account is similar to the registration process for a Yelp Business Account.

7. A true and correct copy of Yelp's Business Account signup page when accessed via desktop, as it existed in February 2015, is attached as **Exhibit B**. A true and correct copy of Yelp's Business Account signup page when accessed via mobile browser, as it existed in February 2015, is attached as **Exhibit C**. As reflected in both Exhibit B and C, the online registration process to establish a Business Account includes the statement: "By clicking the button below, you represent that you have authority to claim this account on behalf of this business, and agree to Yelp's Terms of Service and Privacy Policy." The "Terms of Service" text is in blue font and is hyperlinked such that when the user clicks on the text, he or she is taken to the Yelp Terms of Service Agreement. The "button below" refers to a red button underneath the text that takes the user to the next step in the registration process. A user cannot proceed past the first page of the registration process unless he or she clicks on the red button. Users who do not click on the button and complete the rest of the registration process cannot create a Business Account, claim a business listing on Yelp, or access any features available only to business users.

8. Since at least as early as October 14, 2012, registered users (whether business or consumer users) have also had to agree to Yelp's Terms of Service each time they log into Yelp's website.

9. Specifically, on the Yelp login screen for business users, available at https://biz.yelp.com/login, and immediately next to the login button, is the following text: "By logging in you agree to Yelp's Terms of Service and Privacy Policy." The "Terms of Service" text is in blue font and is hyperlinked such that when the business user clicks on the text, he or she is taken to the Yelp Terms of Service Agreement. A business user cannot access their Business Account, send messages to Yelp users, or contribute content such as business information or photos, unless he or she is logged into Yelp. Attached as **Exhibit D** is a true and correct copy of the screen a user currently sees on Yelp's Business Account login page at https://biz.yelp.com/login, and has been in use since at least April 2015.

10. Similarly, on the Yelp login screen for consumer users, available at www.yelp.com/login, and immediately next to the login button, is the following text: "By logging in you agree to Yelp's Terms of Service and Privacy Policy." The "Terms of Service" text is in blue font and is hyperlinked such that when the user clicks on the text, he or she is taken to the Yelp Terms of Service Agreement. A user cannot post content such as reviews and photos, unless he or she is logged into Yelp. Attached as **Exhibit E** is a true and correct copy of the screen a user currently sees on Yelp's login page at www.yelp.com/login.

11. I have reviewed Yelp's administrative records relating to BPCS Law and Jaron Brignac. Yelp's records indicate that Mr. Brignac registered for a Yelp Business Account in February 2015, using the name Jaron Brignac and the email address bpcslaw@gmail.com. Yelp's records further indicate that Mr. Brignac registered for his Business Account through the signup page located at https://biz.yelp.com/signup via either desktop or mobile browser, and not through Yelp's mobile application for business users. Yelp records show that Mr. Brignac

1  logged into this account as recently as January 14, 2019. As described above, Mr.
2  Brignac necessarily agreed to Yelp's Terms of Service when he registered for this
3  account, and each time he logged into the account. Between the time he registered
4  and the date of this declaration, he had used Yelp's messaging function to
5  communicate with users of Yelp 182 times. Mr. Brignac also posted content,
6  including descriptions of BPCS Law, its history and offerings to the Yelp business
7  page for BPCS Law. In order to send messages to Yelp users or publish content to
8  Yelp, Mr. Brignac necessarily registered for a Business Account with Yelp, and
9  was logged into Yelp each time he posted content or messaged a Yelp user.

10         12.    Yelp's records also show that Mr. Brignac created a Yelp consumer
11 user account on January 28, 2018 using the name Bpcs Law and the email address
12 bpcslaw@gmail.com. Yelp's records indicate that Mr. Brignac logged into this
13 account as recently as January 12, 2019. As described above, Mr. Brignac
14 necessarily agreed to Yelp's Terms of Service each time he logged into the
15 account. As of the date of this declaration, Mr. Brignac had used this account to
16 post three reviews. In order to publish this content to Yelp, Mr. Brignac must have
17 registered for an account with Yelp, and was logged into Yelp each time he posted
18 content.

19         13.    Yelp's headquarters and principal place of business is located in San
20 Francisco, California.

21         14.    Yelp's key management team members are based out of San
22 Francisco, California.

23         15.    Yelp's information related to the Plaintiff's claims in this action—
24 such as communications between Brignac and Yelp, documents concerning the
25 operation of Yelp's website, and documents concerning Yelp's advertising
26 offerings—are readily accessible from its offices in San Francisco. This
27 information is not accessible to Yelp's few employees in the Central District of
28 California.

16. Yelp's witnesses with knowledge about communications with Mr. Brignac and other information related to his claims are located in San Francisco. Such employees are not located in the Central District of California.

17. As of January 7, 2019, Yelp had 6,316 employees in the United States. Approximately 2,089 of those employees were located in California, and 42 of those are remote employees located within the counties of Central District. The employees in the Central District are lower level employees involved primarily in advertising sales and marketing, and are unlikely to possess information that is directly relevant to the issues in this case, much less any information that is not accessible from Yelp's offices in San Francisco, California. Yelp does not have any offices in California outside of San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 22, 2019 at San Francisco, California.

By: _____
IAN MACBEAN, the Declarant