original

FILED

2019 JAN 29 PM 1:09

BY:

Jaron Brignac
16450 Palomino PL, 204
Santa Clarita, CA 91387
Office Phone: (818) 738-9861
Fax: (818) 698-6492

Pro Per,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JARON BRIGNAC, an individual,

Plaintiff,

vs.

YELP, INC.; A California Corporation, 1-10, INCLUSIVE,

Defendants.

Case No.: 2:18-cv-10721-R(ASx)

**PLAINTIFFS' OPPOSITION TO DEFENDANT YELP INC.'S MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a)); DECLARATION OF JARON BRIGNAC**

Date: February 19, 2019
Time: 10:00 a.m.
Place: Roybal Federal Building and U.S. Courthouse
255 East Temple Street,
Los Angeles, CA 90012
Judge: Hon. Manuel L. Real

1

**PLAINTIFFS' OPPOSITION TO DEFENDANT YELP INC.'S MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a)); DECLARATION OF JARON BRIGNAC**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff, JARON BRIGNAC (Hereinafter "Plaintiff") hereby responds and opposes YELP, INC. ("Defendants") Motion to Transfer.

This response and opposition is made on the grounds that Defendant failed to satisfy its' burden to warrant transfer; Defendant cannot invoke the forum selection clause due the lack of evidence directly identifying Plaintiff clicking on any hyperlink button after having been notified that clicking on the button would manifest assent to Yelp's Terms of Service; Defendant Yelp failed to list the materiality of every witness' testimony, which must be shown, demonstrated through affidavits who the key witnesses will be and what their testimony will generally include; Defendant negligently misrepresented Yelp as only having one office in San Francisco for the purpose of gaining the court's favorable decision in granting their proposed motion to transfer.

This response and opposition are based on all pleadings submitted in this matter, this Opposition, the Memorandum of Points and Authorities herein, and any other supplemental material, including oral arguments, submitted by Plaintiff and received by this Court.

Dated: January 28, 2019

JARON BRIGNAC

By: Jaron Brignac
In Propria Persona

## I.

## IAN MACBEAN'S DECLARATION SHOULD BE STRICKEN AS FALSE

In the instant case, Defendant, and their counsel, submitted a declaration by Ian MacBean for the court to rely on.

In Ian MacBean's declaration, page 6, lines 10 through 11, Ian MacBean falsely asserts: "Yelp does not have any offices in California outside of San Francisco California." This statement is false and contradicted. Defendant Yelp, Inc. owns a Limited Liability Company known as Eat24, LLC. See official Articles of incorporation **(Exhibit A).**

Defendant Yelp, Inc., operates Eat24, LLC in Los Angeles, California located at 1529 E. 1st. Street, Los Angeles, California 90033. See official google maps **(Exhibit B)**

It is further believed that Yelp also operates out of another office in Los Angeles, California located at 3033 Wilshire Blvd.

Plaintiff has located and talked to several witnesses (former and current Yelp, Inc. employees) currently located the Los Angeles District who have stated that Yelp maintains offices in Los Angeles which they periodically visit as part of their employment. These same set of witnesses, according to their training, appears to be equivalent to the same kind of employee training, and skill set as the employees in the San Francisco office when Plaintiff compared his notes and contrasted it with Ian Macbean's declaration regarding his employee training.

The current employees feared to disclose their identity out of fear of potentially facing termination, but felt free to disclose information regarding their training, and data they have access to as well. Plaintiff intends to subpoena the current employees as witnesses for testimony to contradict the Declaration made by Ian MacBean.

Plaintiff will motion the court for sanctions for Defendant's attempted acts of manipulating the courts to favor their motion for transfer to San Francisco California by providing false information about their business and employees.

Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or not warranted by the evidence. A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A–C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). See Masterson v. Killen (E.D. Cal., Mar. 7, 2017, No. 111CV01179DADSABPC) 2017 WL 892761, at *2, report and recommendation adopted (E.D. Cal., Aug. 17, 2017, No. 111CV01179DADSAB) 2017 WL 3530969.

## II.
## PLAINTIFF DID NOT ASSENT TO YELP'S TERMS OF SERVICE AS YELP PURPORTS. PLAINTIFF CHALLENGES THE EXISTENCE AND VALIDITY OF DEFENDANT YELP'S PURPORTED TERMS OF SERVICE AND REQUEST AN EVIDENTIARY HEARING BEFORE RULING ON DEFENDANT'S MOTION TO TRANSFER

When a material fact is disputed, especially an agreement, courts are inclined to conduct an evidentiary hearing. See *kazzi3 Capital Limited v. Pathway Genomics Corporation (S.D. Cal., Dec. 21, 2018, No. 318CV00317BENKSC) 2018 WL 6830609, at* *2 "[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)* (holding that district court erred in granting entry of judgment without first holding requested evidentiary

hearing after plaintiffs requested evidentiary hearing challenging the existence and validity of the settlement agreement) [Ibid].

The ninth circuit has overturned cases when the District Court failed to conduct an evidentiary hearing when the moving papers established a clear conflict as to central factual issues. See *Augustine v. U.S. (9th Cir. 1983) 704 F.2d 1074, 1079.*

Defendant failed to produce evidence that reflects Plaintiff actually "consenting" and or "assenting" to their terms of service agreement.

In Defendant's Memorandum of Law in Support of Yelp Inc.'s Motion to Transfer Venue at page 6 lines 6 -9, Defendant asserts: "Brignac and Yelp formed a contract because Yelp offered Terms of Service on its website and Brignac accepted them. Brignac accepted Yelp's Terms of Service because he clicked on a button after having been notified that clicking on the button would manifest assent to Terms of Service." To support this assertion, Defendant references a declaration by Ian MacBean.

According Ian MacBean's declaration at page 2 lines 2-6, Ian MacBean declared: "I am the Director of User Operations at Yelp Inc. ("Yelp") and among other responsibilities I investigate Yelp user accounts for potential Terms of Service violations and enforce those Terms of Service against user accounts and business accounts. This includes investigating user accounts through Yelp's own internal tools and third-party resources."

Ian MacBean's declaration references exhibits A through E. Not one exhibit that is referenced reflects any evidence of Plaintiff or identifies Plaintiff *"clicking on any button after having been notified that clicking on the button would manifest assent to Terms of Service."*

Ian MacBean's declaration asserts that Plaintiff agreed to Yelp's terms of service agreement on the date Plaintiff registered his account. Ian MacBean's declaration reference Exhibit C, which is a copy of a real business account sign up page for Arinell Pizza by Arinell Pizza located at ***509 Valencia St, San Francisco, CA 94110.*** However, on the contrary, Defendant fails to produce any evidence that directly identifies Plaintiff's signup page with the purported words *"By clicking on this button below you represent that you agree to Yelp's terms of service"*

Plaintiff does not ever recall seeing the words: *"By clicking on this button below you represent that you agree to Yelp's terms of service" on any sign-up page which bears proof of Plaintiff acknowledging and accepting any terms of service with Yelp.*

Plaintiff denies ever personally seeing the words:" By *clicking on this button below you represent that you agree to Yelp's terms of service" on any sign-up page which bears proof of Plaintiff acknowledging and accepting any terms of service with Yelp.*

Plaintiff asserts that Yelp's Terms of Service *"hyperlink"* button "terms of service" and the words:" By *clicking on this button below you represent that you agree to Yelp's terms of service"* could not have existed on Plaintiff's signup page when Plaintiff allegedly signed up. Thus, the court should deny Defendant's motion to transfer the case based upon the forum selection clause for Defendant's failure to produce evidence that directly reflects Plaintiff's account, *not other exemplary yelp accounts,* accented to Yelp's terms of service to agree to the jurisdiction located in San Francisco County, or alternatively conduct an evidentiary hearing.

**III.**

**DEFENDANT FAILED TO SATISY THEIR BURDEN TO WARRANT TRANSFER**

Title 28, section 1404(a), states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking a transfer bears the burden of proving transfer is warranted. _Decker Coal Co. v. Commonwealth Edison Co_, *805 F.2d 834*, 843 (9th Cir. 1986). "A transfer will not be ordered if the result is merely to shift the inconvenience from one party to another." Schwarzer, Tashina & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* 4:785 (The Rutter Group 2010). "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is *clearly* more convenient, a transfer should be ordered." *Id.* (quoting _In re Volkswagen of America, Inc.,_ 506 F.3d 376, 385 (5th Cir. 2007) (emphasis added). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404 "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness[.]'" _Stewart Org., Inc. v. Ricoh Corp.,_ 487 U.S. 22, 29 (1988); _Barnes & Noble, Inc. v. LSI Corp.,_ 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). District courts employ a two-step framework to resolve a transfer motion.

A court first asks whether the plaintiff could have originally brought the action in the proposed transferee forum. _Nat'l Prods. v. Wireless Accessory Solutions, LLC,_ No. C15-2024JLR, 2018 WL 1709494, at *2 (W.D. Wash. Apr. 9, 2018).

(citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)); *Ironworks Patents LLC v. Samsung Elecs. Co.*, No. 17-cv-01958-HSG, 2017 WL 3007066, at *1 (N.D. Cal. July 14, 2017). If the action could have been brought there, then the court considers the propriety of transfer. *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12-cv-911-IEG-WMC, 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012).

The Court must address the requirement. *See In re Bozic, 888 F.3d 1048, 1053 (9th Cir. 2018).* "The phrase where an action 'could have been brought' is interpreted to mean that the proposed transferee court would have subject matter jurisdiction, proper venue, and personal jurisdiction." *Peregrine Semiconductor Corp.*, 2012 WL 2068728, at *2 (citing *A.J. Indus., Inc. v. U.S. Dist. Court for Central Dist. of Cal.*, 503 F.2d 384, 386–88 (9th Cir. 1974) and *Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 779–81 (9th Cir. 1950) ); *see also* *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (concluding there was "no question" action could have been brought in proposed transferee forum by analyzing venue as well as subject matter and personal jurisdiction in the transferee forum). The Court should address each of these considerations according to *American GNC Corp. v. GoPro, Inc. (S.D. Cal., Nov. 6, 2018, No. 18-CV-00968-BAS-BLM) 2018 WL 6074395, at *13.*

**Jurisdiction**

Pursuant to 28 U.S.C. § 1331, *"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."* Thus, Plaintiff does not dispute that the proper jurisdiction of his civil action for "anti-trust" is the "District Courts" when analyzing jurisdiction.

**Venue**

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In the instant case, Yelp, Inc., has an office in Los Angeles California and employees needed as witnesses for Plaintiff. Plaintiff references Exhibits above herein, which are true and authentic pictures and governmental documents reflecting Yelp, Inc., operating under another business name that is in Los Angeles, California.

Plaintiff intends to subpoena current and former employees of Yelp, Inc., who are in Los Angeles California. Plaintiff intends to produce witnesses who are current business owners, with yelp accounts located in Los Angeles California.

According to Brignac's conversations he had with several of Yelp's former and current employees in Los Angeles, at least 85% of the employees are trained with a set of skills equivalents to the employees in the San Francisco office and they all share data that is accessible in Los Angeles office, or accessible within certain software they share.

**Convenience of Witness**

Plaintiff has demonstrated in his declaration the materiality of who most of his key witnesses will be and what their testimony will or may include. On the contrary, Defendant has failed to disclose these factors, thus lack materiality of showing convenience of witnesses.

The convenience of witnesses is an important factor to consider. *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007). However, the convenience of party witnesses is entitled to less weight than non-party witnesses, as they presumably would be able to testify in either forum. *See id.* The materiality of every witness' testimony must be shown. Defendant must demonstrate through affidavits who the key witnesses will be and what their testimony will generally include. *See Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243-44 (E.D. Cal. 2005).

Accordingly, it will be a huge inconvenience upon witnesses (current and former Yelp employees) located in Los Angeles to travel to San Francisco just to testify. This transfer will prejudice Plaintiff's case. Plaintiff has not talked to any current employees of Yelp in San Francisco area as it is obviously inconvenient to conduct such investigation as he did by himself in Los Angeles, California.

## Conclusion

For the above reasons, the court should DENY the Defendant's motion for transfer.

Dated: January 28, 2019

JARON BRIGNAC

By: Jaron Brignac

## DECLARATION OF JARON BRIGNAC

I, JARON BRIGNAC, declare as follows:

1. I am a party the above entitled action herein.

2. That all the facts set forth below are of my own personal knowledge and, if called upon to testify in this matter, I could and would competently testify to the facts set forth herein.

3. Defendant Yelp, Inc. owns a Limited Liability Company known as Eat24, LLC with an office location according to google maps, located at 1529 E. 1st. Street, Los Angeles, California 90033.

4. I have conducted several investigative tasks prior to the filing of my law suit. One of those tasks consisted of finding Yelp employees and Yelp offices located in Los Angeles for the sole purpose of gathering necessary information needed to support allegations within my complaint.

5. As a result, I located and talked to several witnesses (who asserted they are either former and or current Yelp, Inc. employees) currently located the Los Angeles District. These witnesses have stated that Yelp does have several offices in Los Angeles which they periodically visit as part of their employment. These same set of witnesses have stated facts about their training, which appears to be equivalent to the same kind of employee training, and skill set as the employees in the San Francisco office when I compared and contrasted Ian Macbean's declaration regarding his employee training.

6. These witnesses feared to disclose their identity out of fear of potentially facing retaliation in the form of termination. They expressed that Yelp is known to find ways to terminate employees for speaking out against them, but felt free to disclose information regarding their training, and data they have access to as well.

7. I do not ever recall seeing the words: *"By clicking on this button below you represent that you agree to Yelp's terms of service" on any sign-up page which bears proof of Plaintiff acknowledging and accepting any terms of service with Yelp,* prior to me allegedly signing up with Yelp.

8. Yelp, Inc., without my consent, listed my business initially, and then found ways to contact me and offer paid advertisings to boost my ratings on Yelp.

9. Yelp, Inc. has also found ways to contact me to insist that I verify my business information that it placed on their website without my consent.

10. Out of fear of having my business site verified by someone else, and out of fear of having my business incorrectly listed, I recall speaking to a Yelp representative known as Emma Keyes to help optimize my Yelp account and pay for advertising, but I do not recall ever having to sign up with a hyperlink on the sign up page reflecting that I must agree or accept the Terms of Service by Yelp at that time.

11. I intend to directly examine, and cross examine witnesses to elicit necessary testimony that will substantiate every allegation within my complaint. These witnesses are relevant and are currently located in Los Angels California. Thus, I am attaching my witness list behind this declaration, and what their testimony will rely on.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on this 28th day of January 2019 in Los Angeles California.

Jaron Brignac
Declarant

| No. | Witness | Direct Exam | Cross Exam |
|---|---|---|---|
| 1. | Talia Jane (Former Yelp Employee. Testimony corroborating allegations in complaint)) | 1 hour | 1 hour |
| 2. | Steven Suggs-Brimley (Former Yelp Employee) | 1 hour | 1 hour |
| 3. | Ms. Senigaglia (Former Yelp Employee) | 1 hour | 1 hour |
| 4. | Sean Ben Markel (Los Angeles Resident. Business owner with a Yelp account. Testimony relates to Yelp monopoly power flushing business down googles website) | 1 hour | 1 hour |
| 5. | Daniel Dominguez (Los Angeles Resident. Business owner with a Yelp account) | 1 hour | 1 hour |
| 6. | Prince Pauper (Los Angeles Resident. Business owner with a Yelp account. Testimony relates to losing business due to Yelp ads for same services) | 1 hour | 1 hour |
| 7. | Ana AG (Los Angeles Resident. Business owner with a Yelp account. Testimony corroborating allegations in complaint) | 1 hour | 1 hour |
| 8. | Anna Mendyuk (Los Angeles Resident. Business owner with a Yelp account. Testimony corroborating allegations in complaint)) | 1 hour | 1 hour |

# EXHIBIT A



# State of California
## Secretary of State

L

### STATEMENT OF INFORMATION
(Limited Liability Company)

Filing Fee $20.00. If this is an amendment, see instructions.

IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

43 6 ks

**FILED**
Secretary of State
State of California
MAY 29 2015

21/20/pc

This Space For Filing Use Only

1. LIMITED LIABILITY COMPANY NAME
EAT24, LLC

**File Number and State or Place of Organization**

2. SECRETARY OF STATE FILE NUMBER 201506310293
3. STATE OR PLACE OF ORGANIZATION (If formed outside of California) DELAWARE

**No Change Statement**

4. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no Statement of Information has been previously filed, this form must be completed in its entirety.**

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to **Item 15.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 5 and 7 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 5. STREET ADDRESS OF PRINCIPAL OFFICE | 140 NEW MONTGOMERY STREET, 9TH FLOOR | SAN FRANCISCO | CA | 94105 |
| 6. MAILING ADDRESS OF LLC, IF DIFFERENT THAN ITEM 5 | | | | |
| 7. STREET ADDRESS OF CALIFORNIA OFFICE | 140 NEW MONTGOMERY STREET, 9TH FLOOR | SAN FRANCISCO | CA | 94105 |

**Name and Complete Address of the Chief Executive Officer, If Any**

| 8. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

**Name and Complete Address of Any Manager or Managers, or if None Have Been Appointed or Elected, Provide the Name and Address of Each Member** (Attach additional pages, if necessary.)

| | NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| 9. | YELP INC. | 140 NEW MONTGOMERY STREET, 9TH FLOOR | SAN FRANCISCO | CA | 94105 |
| 10. | | | | | |
| 11. | | | | | |

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address, a P.O. Box is not acceptable. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 13 must be left blank.

12. NAME OF AGENT FOR SERVICE OF PROCESS
NATIONAL REGISTERED AGENTS, INC. C1941323

13. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** CITY STATE CA ZIP CODE

**Type of Business**

14. DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY
ONLINE FOOD ORDERING

15. THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |
|---|---|---|---|

LLC-12 (REV 01/2014) APPROVED BY SECRETARY OF STATE

# EXHIBIT B



1/28/2019 Case 2:18-cv-10721-R-AS Document 13 Filed 01/29/19 Page 18 of 19 Page ID #:123

LIQUOR MARKET
See outside
Villa Dr
E 1st St
Map of yelp Eat
yelp Eat 24
Directions
Save
3.0 ★★★
3 Google reviews
Restaurant
Address: 1529 E 1st St, Los Angeles, CA 90033
Suggest an edit
Own this business?
Add missing information
Add phone number
Add business hours
Add website
Know this place? Answer quick questions

https://mail.google.com/mail/u/0/#inbox/QgrcJHrnzHtFgRjFbnLDBPNFNdDJNlpLGgL?projector=1&messagePartId=0.1 1/1

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California: my business address is 16450 Palomino PL 204, Canyon Country, California 91387.

On the January 29, 2019 I served a copy of the foregoing documents entitled

**PLAINTIFFS' OPPOSITION TO DEFENDANT YELP INC.'S MOTION TO TRANSFER VENUE (28 U.S.C. § 1404(a)); DECLARATION OF JARON BRIGNAC**

On the interested parties in said case as follows:

BRIAN A. SUTHERLAND (SBN 248486)
BSUTHERLAND@REEDSMITH.COM
REED SMITH LLP
101 SECOND STREET, SUITE 1800
SAN FRANCISCO, CA 94105-3659

The above parties were served electronically via email upon verified stipulation within the emails. I hereby certify that I filed the foregoing with the United States District Court, Central District of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction this service was made. This declaration is executed in Pasadena, California on January 29, 2019.

Jaron Brignac