Brian A. Sutherland (SBN 248486)
bsutherland@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile:  (415) 391-8269

Attorneys for Defendant Yelp Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JARON BRIGNAC, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>YELP, INC., a California Corporation, 1-10 INCLUSIVE,<br><br>　　　　　　Defendants. | Case No. 2:18−cv−10721 R (ASx)<br><br>**Yelp Inc.'s Opposition to Plaintiff's Motion for an Evidentiary Hearing**<br><br>Date:　　March 4, 2019<br>Time:　　10:00 a.m.<br>Place:　　Roybal Federal Building and U.S. Courthouse<br>　　　　　255 East Temple Street,<br>　　　　　Los Angeles, CA 90012<br>Judge:　 Hon. Manuel L. Real |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

I.    The Court Should Deny Brignac's Motion for an Evidentiary Hearing Because It Is Procedurally Improper ..................................................................1

II.    The Court Should Deny Brignac's Motion for an Evidentiary Hearing Because It Is Substantively Meritless ..............................................................2

CONCLUSION ......................................................................................................................3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– i –

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Briones v. Riviera Hotel & Casino*,
    116 F.3d 379 (9th Cir. 1997) ................................................................................ 1

*Hall v. Washington Mut. Bank*,
    No. CV1001606, 2011 WL 13213926 (C.D. Cal. Jan. 3, 2011) ............................ 2

*IP Glob. Investments Am., Inc. v. Body Glove IP Holdings, LP*,
    No. 17-cv-06189, 2018 WL 5983550 (C.D. Cal. Nov. 14, 2018) .......................... 2

*Miles v. Dep't of the Army*,
    881 F.2d 777 (9th Cir. 1989) ................................................................................ 2

*Mitchell v. City of Gardena*,
    No. CV 07-7759-AHS (PLA), 2008 WL 4189611 (C.D. Cal. Aug. 29,
    2008) .................................................................................................................... 1

*Petersen v. Boeing Co.*,
    715 F.3d 276 ......................................................................................................... 2

*United Commercial Ins. Serv., Inc. v. Paymaster Corp.*,
    962 F.2d 853 (9th Cir. 1992) ................................................................................ 2

*United States v. Rodriguez-Vega*,
    797 F.3d 781 (9th Cir. 2015) ................................................................................ 2

*Williams-Ilunga v. Gonzalez*,
    No. CV 12-08592, 2013 WL 571795 (C.D. Cal. Feb. 13, 2013) .......................... 2

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................... 1, 3

**Rules**

Fed. R. Civ. P. 43(c) .................................................................................................. 2

Local Rule 1-3 ........................................................................................................... 2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES
**(Cont.)**

**Page**

Local Rule 7-10 ................................................................................................. 2

Local Rule 16-12(c) ........................................................................................... 2

YELP INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING

## INTRODUCTION

Plaintiff pro se Jaron Brignac entered into an agreement with Yelp in which the parties agreed to bring any claim against the other in a state or federal court in San Francisco. To enforce the forum selection clause and for the convenience of witnesses and parties and in the interests of justice, Yelp moved to transfer venue under 28 U.S.C. § 1404(a). (ECF No. 10) Brignac filed an opposition. (ECF No. 13) Yelp replied. (ECF No. 14)

After Yelp filed its reply, Brignac filed and served a "motion for an evidentiary hearing." But the "motion" merely rehashes Brignac's opposition and is procedurally defective and substantively meritless. Accordingly, this Court should strike or deny Brignac's purported motion, grant Yelp's motion to transfer venue, and transfer this case to the United States District Court for the Northern District of California.

## ARGUMENT

### I. The Court Should Deny Brignac's Motion for an Evidentiary Hearing Because It Is Procedurally Improper

Pro se litigants "are not excused from following court rules." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *see Mitchell v. City of Gardena*, No. CV 07-7759-AHS (PLA), 2008 WL 4189611, at *7 (C.D. Cal. Aug. 29, 2008) (citing cases). Brignac failed to follow a number of them and these failures prejudiced Yelp insofar as it had to expend resources responding to his procedurally deficient substantively frivolous contentions.

Contrary to his argument, neither the Local Rules nor this Court's individual rules exempted Brignac from complying with Local Rule 7-3's meet-and-confer requirement. This Court's waiver applies only to "dispositive motions." *See* Order Re: Notice to Counsel No. 7 ("parties are NOT obligated to meet and confer, or file a declaration in connection thereto, for the purposes of preparing and filing dispositive motions …"). Local Rule 7-3 applies to parties because the reference to "counsel" in the rule includes pro se parties. *See* Local Rule 1-3. Finally, Local Rule 16-12(c) does

– 1 –
YELP INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING

not exempt Brignac from Rule 7-3 because Brignac is not in custody. *See Williams-Ilunga v. Gonzalez*, No. CV 12-08592, 2013 WL 571795, at *4 (C.D. Cal. Feb. 13, 2013) ("Local Rule 16–12 exempts conferences only where pro se litigants are in custody"); *see also Hall v. Washington Mut. Bank*, No. CV1001606, 2011 WL 13213926, at *1 (C.D. Cal. Jan. 3, 2011) (same).

Even more importantly, the purported motion for an evidentiary hearing is improper because it amounts to an unauthorized sur-reply to Yelp's motion to transfer venue. Brignac simply rehashes the same (erroneous and irrelevant) points that he already made in his opposition. Therefore, his filing is not a motion so much as an attempt to have the last word. *See* Local Rule 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."); *IP Glob. Investments Am., Inc. v. Body Glove IP Holdings, LP*, No. 17-cv-06189, 2018 WL 5983550, at *8 (C.D. Cal. Nov. 14, 2018) (striking sur-reply filed without permission of the district court). Accordingly, this Court should accordingly strike or deny Brignac's purported motion for an evidentiary hearing.

## II. The Court Should Deny Brignac's Motion for an Evidentiary Hearing Because It Is Substantively Meritless

"When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c). Of course, "courts frequently decide motions on the paper record without holding oral hearings." *United States v. Rodriguez-Vega*, 797 F.3d 781, 792 (9th Cir. 2015). An evidentiary hearing is not necessary unless the evidence submitted by the parties creates a disputed issue of material fact. *See, e.g.*, *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992); *Miles v. Dep't of the Army*, 881 F.2d 777, 784 (9th Cir. 1989); *cf. Petersen v. Boeing Co.*, 715 F.3d 276 & n.6 (9th Cir. 2013).

Here, there is no disputed issue of material fact that would preclude the Court from granting Yelp's motion to transfer venue. As Yelp showed in its reply, Brignac

did not challenge the enforceability of the forum selection clause. He contends that he does not recall seeing certain words, but his failure to recall and unsworn conclusory denials do not create a genuine issue of fact. The words he does not recall and/or denies seeing are not the words that Yelp used on its website and so his assertions are irrelevant in any event. In short, he failed to include any evidence that contradicted Yelp's evidence, and his sur-reply/motion does not and cannot address that shortcoming.

## CONCLUSION

This Court should strike or deny Brignac's motion for an evidentiary hearing. And it should transfer this action to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a).

DATED: February 13, 2019

REED SMITH LLP

By: /s/ Brian A. Sutherland
Brian A. Sutherland
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for defendant Yelp Inc.