JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JARON BRIGNAC, | ) | CASE NO. CV 18-10721-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO TRANSFER VENUE |
| v. | ) | UNDER 28 U.S.C. § 1404(a) |
| | ) | |
| YELP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

    Before the Court is Defendant's Motion to Transfer Venue, filed on January 22, 2019. (Dkt. No. 10). Having been thoroughly briefed by both parties, this Court took the matter under submission on February 13, 2019.

    Defendant requests that this Court transfer the case to the Northern District of California under 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820

1  F. Supp. 503, 506 (C.D. Cal. 1992).  To decide whether transfer serves the interest of justice, a
2  court may consider multiple factors, including (1) the plaintiff's choice of forum, (2) the
3  respective parties' contacts with the forum, (3) the contacts relating to the plaintiff's cause of
4  action in the chosen forum, and (4) the ease of access to sources of proof.  *Jones v. GNC*
5  *Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  However, "[t]he calculus changes . . .
6  when the parties' contract contains a valid forum-selection clause . . ." *Atlantic Marine Const.*
7  *Co., Inc. v. United States Dist. Court*, 571 U.S. 49, 62-63 (2013).  "[A] valid forum-selection
8  clause should be given controlling weight in all but the most exceptional cases." *Id*.
9         Here, the parties entered into a contract containing a valid forum selection clause.
10 Specifically, Plaintiff agreed to bring any claim against Defendant in a state or federal court in San
11 Francisco when he registered his Yelp accounts and when he logged into those accounts.  The
12 Terms of Service to which Plaintiff agreed included a "choice of law and venue clause" that was a
13 bolded and capitalized heading.  The clause stated: "FOR ANY CLAIM BROUGHT BY EITHER
14 PARTY, YOU AGREE TO SUBMIT AND CONSENT TO THE PERSONAL AND
15 EXCLUSIVE JURISDICTION IN, AND THE EXCLUSIVE VENUE OF, THE STATE AND
16 FEDERAL COURTS LOCATED WITHIN SAN FRANCISCO COUNTY, CALIFORNIA."  This
17 Court finds this forum selection clause to be controlling, and Plaintiff fails to establish that
18 transfer to the forum for which the parties bargained is unwarranted.
19        Nonetheless, even if this Court found the forum selection clause to be invalid, Defendant's
20 Motion would still be granted based on the interest of justice.  First, venue is proper in the Central
21 District of California because Defendants' acts giving rise to liability took place in this judicial
22 district.  28 U.S.C. § 1391(b)(2).  Second, the action could also have been brought in the Northern
23 District of California because Defendant maintains its principal place of business in San Francisco
24 and is subject to personal jurisdiction there under 28 U.S.C. § 1391(c).  Third, transfer also serves
25 the convenience of the parties and witnesses and promotes the interest of justice.  All documents
26 and potential witnesses in this case, except Plaintiff himself, are located in the Northern District.
27 Defendant is headquartered in San Francisco, so its potentially relevant employees are located
28 there, including personnel that created and manage Defendant's advertising policies and search

function. Furthermore, most of Plaintiff's allegations concern non-party Google, which has its principal place of business in Mountain View, California. Accordingly, transfer of venue to the Northern District of California is appropriate.

**IT IS HEREBY ORDERED** that this case is transferred to the Northern District of California. (Dkt. No. 10).

Dated: February 26, 2019.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE